■ In the Matter of Irving Karesh, Respondent, v. Benjamin Altman, as Commissioner of the Department of Rent and Housing Maintenance, Appellant.— Judgment, Supreme Court, New York County, entered January 5, 1973, *inter alia,* enjoining and prohibiting respondent Rent Commissioner

from fixing the controlled rent of certain residential premises, unanimously reversed, on the law and on the facts, without costs and without disbursements, and the petition dismissed. This proceeding involves a self-contained apartment in a two-family home. The last adjustment of the maximum rent, under the then applicable rent control laws, was recorded in 1948 at $103.50 per month. Thereafter, successive landlords and tenants apparently considered the premises decontrolled. Petitioner occupied the apartment under two successive two-year leases, commencing in early 1966, and paid a monthly rental substantially in excess of the amount established in 1948. The instant proceeding was commenced in March, 1970 by the current landlord seeking an order of decontrol. Petitioner, who has a pending action for rent overcharges, succeeded in obtaining prior orders at Special Term, holding that the premises became recontrolled because of improper usage. The matter was then remanded for additional proceedings to determine the effective date of decontrol. In this most recent rent office proceeding respondent no longer disputes the correctness of the prior determinations, but proposes to conduct a fact-finding inquiry to ascertain whether any amounts should be added to the 1948 maximum rent for the apartment to reflect the landlord's right to increases for leases, increased services and new equipment. Special Term, in the judgment currently before us for reivew, has prohibited such inquiry on the ground that no adjustment could affect the maximum rent for the period in question. We disagree. Initially, we note that there is no final administrative determination sought to be reviewed herein (see Administrative Code, § Y51.9.0); which alone would mandate dismissal. (Cf. *Suppus* v. *Bradley,* 278 App. Div. 337.) But even on the merits, we find no justification for the injunction imposed. While routine increases of maximum rent are generally required to be prospective, the commission has the authority, under the circumstances here disclosed, to determine a fair and equitable rent for the critical period involved. (See Administrative Code, § Y51–5.0, subd. g, par. [1]; Rent, Eviction and Rehabilitation Regulations of the City of New York, § 36.) Concur — Stevens, P. J., Markewich, Nunez, Murphy and Tilzer, JJ.